TRECHMANN S. S. CO., Limited, v. MUNSON S. S. LINE.

(Circuit Court of Appeals, Second Circuit. February 10, 1913.)

No. 133.

SHIPPING (§ 49*)—TIME CHARTER CONSTRUED—CHARTER FOR "ABOUT 12 MONTHS."

Under a charter of a vessel for "about 12 months" at a monthly hire, where a voyage terminated 29 days before the expiration of that time and another could have been made in 43 days, average time, the charterer was not entitled to redeliver the vessel; but where he refused to make another voyage, but rechartered her for a longer voyage at a smaller hire, the owner is entitled to recover under the first charter only the difference between the amount she would have earned thereunder to the expiration of the 12 months and the amount she did earn to that time under the new charter.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 187–200, 202; Dec. Dig. § 49.*

For other definitions, see Words and Phrases, vol. 1, p. 24.]

Appeal from the District Court of the United States for the Southern District of New York; George C. Holt, Judge.

Suit in admiralty by the Trechmann Steamship Company, Limited, against the Munson Steamship Line. Decree for libelant, and respondent appeals. Modified.

Haight, Sandford & Smith, of New York City (C. B. Smith and C. S. Haight, both of New York City, of counsel), for appellant.

Wallace, Butler & Brown, of New York City (F. M. Brown, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The libelant chartered its steamer Kiora to the respondent for about 12 months in "any safe trade, excluding British North America, Baltic, China Sea and White Sea and south of River Plate; as charterers * * * shall direct." The charter party contained the following clauses:

"4. That the charterers shall pay for the use and hire of the said vessel six hundred and thirty pounds (£630) British sterling per calendar month, commencing on and from the day of her delivery, as aforesaid, and at and after the same rate for any part of a month; hire to continue until her delivery in like good order and condition to the owners (unless lost) at a United States port north of Hatteras.

"5. That should the steamer be on her voyage towards the port of return delivery at the time a payment for hire becomes due, said payment shall be made for such a length of time as the owners or their agents and charterers or their agents may agree upon as the estimated time necessary to complete

the voyage and when the steamer is delivered to owners' agents, any difference shall be refunded by steamer or paid by charterers, as the case may require."

January 13, 1908, the steamship was delivered to the charterer, which redelivered her to the owners December 15, 1908, 29 days prior to the expiration of the 12-months period. The owners insisted that there was a reasonable time left in which to make a commercially practicable voyage, which the charterer denied. To reduce the loss which would fall on one of the parties, according as this question should be ultimately determined, they agreed to a recharter of the steamship for a voyage to Port of Spain and return at the then market rate of £500 a month, which voyage occupied 59 days.

The District Judge correctly held that the charterer had no right to redeliver December 15th, because a voyage to Cuba and back, the usual time for which would be 43 days, would have been reasonable. This was in accordance with our decision in The Rygja, 161 Fed. 106, 88 C. C. A. 270. He allowed the libelant the difference between the charter rate of £630 and the market rate of £500 for this period. The owner insists that it should have been allowed this difference for the period of the voyage actually made under the new charter, viz., 59 days. We approve of neither measure. Each proceeds upon the theory that, because the charterer was not in a position to redeliver December 15th, it was bound to make a commercially practicable voyage. We think, on the contrary, that it would perform its full duty by paying the charter hire to the end of the stated term of 12 months, viz., January 13, 1909. The actual employment of a chartered vessel is under the sole control of the charterer. He may employ her as much or as little as he chooses. In the case of a charter for "about" a stated term, the owner will be sufficiently compensated if he gets the charter hire for the stated term, subject, however, to his right to withdraw the vessel before the expiration of the stated term, if there is not reasonable time enough left for a commercially practicable voyage. We said in The Rygja:

"Still we think the word 'about' applicable to the term, whether it be over or under six calendar months, and that, if the last voyage terminate so near the end of the fixed time as to make another voyage unreasonable, the charterer may deliver and the owner may withdraw the vessel, or, if another voyage is reasonable, the charterer may require it at the charter rate of freight. This leaves room for dispute in the case of an underlap as to what voyage is reasonable, but that is a difficulty which cannot be avoided where a fixed term is not agreed upon."

The libelant erroneously infers from this that we meant, not only that the charterer might insist in such case on another voyage, but that the owner could require him to make it. The only option the owner has is to withdraw the vessel if a reasonable time is not left to make a voyage commercially practicable under the charter. He will be sufficiently compensated if at that time no such voyage is practicable by getting his vessel back, or if such a voyage is practicable and not ordered by the charterer by getting the charter hire to the end of the stated term. Because the charterer cannot generally make voyages end at a precise date, it is equitable to construe the word "about" so that he may get the benefit of the vessel so long as he can

reasonably use her under the charter and yet not be obliged to pay hire for time in which he cannot use her at all.

The decree must be modified, and the court below is instructed to enter a decree for the libelant for the difference between the hire unpaid at the end of the stated period of 12 months and the hire it has received under the new charter, without interest pending appeal, and with costs of this court to the appellant.