PREBENSENS DAMPSKIBSSELSKABET A/S v. MUNSON S. S. LINE.

(Circuit Court of Appeals, Second Circuit.   April 16, 1919.)

No. 200.

SHIPPING ⬪40—TIME CHARTER—LENGTH OF TERM—OVERLAP.
   Under a time charter for monthly hire for "about 36 months (term of charter party to be understood to mean a month more or less)," providing that, should the steamer be on a voyage toward the port of return delivery when a payment of hire becomes due, payment shall be made for such length of time as the parties estimate as necessary to complete the voyage, the difference to be adjusted on delivery as the case may require, the charterer has a permitted underlap or overlap of one month, and for a greater overlap must pay at the market rate.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the Prebensens Dampskibsselskabet A/S, owner of the Norwegian steamship Falk, against the Munson Steamship Line.   Decree for libelant, and respondent appeals.   Affirmed.

Haight, Sandford & Smith, of New York City (Clarence Bishop Smith, of New York City, of counsel), for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City (Roscoe H. Hupper, of New York City, of counsel), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge.   October 31, 1912, her owners chartered the steamer Falk to the Munson Line "for a period of about 36 calendar months (term of charter party to be understood to mean a month more or less)" from the time of delivery.   The charter party was of the usual time charter form and contained the following articles:

"4. That the charterers shall pay for the use and hire of the said vessel nine hundred and fifty pounds British sterling (£950) per calendar month, commencing on and from the day of her delivery, as aforesaid, and at and after the same rate for any part of a month; hire to continue until her delivery, with clean holds to the owners (unless lost) at a port in the United Kingdom or on the continent between Bordeaux and Hamburg, both inclusive (Rouen excluded), at charterers' option.

"5. That should the steamer be on her voyage towards the port of return delivery at the time a payment of hire becomes due, said payment shall be made for such length of time as the owners or their agents and charterers or their agents may agree upon as the estimated time necessary to complete the voyage, and when the steamer is delivered to owner's agents any difference shall be refunded by steamer or paid by charterers, as the case may require."

January 20, 1913, the steamer was delivered to the charterer and redelivered by it to the owners March 1, 1916, to which date the charterer paid hire at the charter rate.

The owners contend that the term ended January 20, 1916, with a permissible overlap or underlap of one month, so that the charterer was liable until February 20, 1916, at the charter rate of freight, and for the 10 days thereafter until redelivery at the market rate of freight; the same amounting to about $9,000, to recover which this

libel was filed. ·The charterer, on the other hand, contends that it is liable only at the charter rate of freight until the actual redelivery, March 1, 1916. Judge Mayer sustained the owner's contention and entered a decree for the libelant.

We think the construction of these articles is made clear by former decisions in this circuit. In the case of charters for a fixed time Judge Addison Brown held that the charterer was entitled to a reasonable overlap at the charter rate of freight. Straits of Dover S. S. Co. v. Munson (D. C.) 95 Fed. 690; Anderson v. Munson (D. C.) 104 Fed. 915. In the case of charters for "about" a named time, we have held that the charterer is entitled to a reasonable underlap as well as overlap. The Rygja, 161 Fed. 106, 88 C. C. A. 270; Trechmann S. S. Co. v. Munson Line, 203 Fed. 692, 121 C. C. A. 650.

Counsel for the charterer rely principally upon our decision in Ropner v. S. S. Co., 243 Fed. 549, 156 C. C. A. 247. In that case the charter was for a minimum period of 18 and a maximum period of 21 calendar months, at the charterer's option, and the charterer expressly exercised·the option to take the steamer for the maximum period. Therefore the charter was regarded as for a fixed period of 21 months, and under the decisions supra the charterer was entitled to a reasonable overlap at the charter rate of freight. That was the ground upon which the decision rested. But an additional consideration was mentioned, viz. that the parties must have intended the overlap to be at the charter rate, because they said nothing to the contrary, and when an installment of hire fell due, payable before the estimated time for redelivery had expired, they could not estimate the future market rate of freight.

But we construe the charter in this case as being for a term of 36 months, with a permitted underlap or overlap of 1 month. It is an "about" term charter, with the "about" period defined to be 1 month. Accordingly for any overlap beyond 37 months the charterer must pay at the market rate. The owners contend that the reasoning as to the difficulty of estimating the market rate of freight at a time of redelivery in the future is the same in this case as it was in the case of Ropner v. S. S. Co. But this subordinate consideration, which was consistent with the primary ground of decision in that case, must yield to the primary ground of decision·in this case, with which it is not consistent. The charterer being liable to pay the market rate of freight after the expiration of the term of 36 months and the permitted overlap of 1 month, and the last installment falling due before the time of actual redelivery; the natural estimate as to the rate of freight would seem to have been the rate prevailing at the time the installment fell due. Both the estimated time and the estimated freight were to be corrected, if necessary, at the time of redelivery.

The decree is affirmed.